here. I am satisfied she was not a citizen of this state at the time this suit was commenced, and the motion to remand must be denied.

DOYLE (HARTFORD FIRE INS. CO. v.). See Case No. 6,160.

DOYLE (LORD v.). See Case No. 8,505.

DOYLE (PECKHAM v.). See Case No. 10,-898.

## Case No. 4,054.

### DOYLE v. RICHARDS.

[4 Cranch, C. C. 527.] [1]

Circuit Court, District of Columbia. March Term, 1835.

#### ATTACHMENT.

THE COURT quashed an attachment issued upon one non est returned upon a justice's warrant for a small debt; the defendant being a resident of the district. See Acts Md. 1791, c. 68, § 1, and 1715, c. 40. Two non ests were necessary.

## Case No. 4,055.

### DOYNE v. BARKER.

[4 Cranch, C. C. 475.] [1]

Circuit Court, District of Columbia. Nov. Term, 1834.

#### SLANDER—BAIL, WHEN REQUIRED.

Bail, in slander, will be required, upon the plaintiff's affidavit that the words were maliciously uttered; that the defendant is a transitory person, and about to leave the District, and the plaintiff verily believes that she has suffered damages to a certain amount.

W. L. Brent, for defendant, offered to appear without special bail. 2 Johns. 100, 203; Brown (Pa.) 233; Clason v. Gould, 2 Caines, 47.

The plaintiff's affidavit stated that the defendant maliciously uttered the words in the declaration mentioned; that the defendant is a transitory person, and is about to leave the District; and that she verily believes she has suffered damages to the amount of $3,000, and that she will recover judgment for that amount.

The words charge her with being a swindler and a cheat, and cheating others. The plaintiff is a milliner.

Mr. Brent contended that the plaintiff must swear positively as to her damages.

Z. C. Lee, contra. A plaintiff, in slander, cannot swear positively as to damages. High. Bailm. 12, 15, 24; Starkie, Sland. & L. 243.

THE COURT (nem. con.) required bail to the amount of $700.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

---

## Case No. 4,056.

### The D. P.

### KELLEY v. THOMPSON.

[1 Lowell, 124.] [1]

District Court, D. Massachusetts. Feb., 1867.

#### COLLISION—LIGHTS—EXPERT EVIDENCE.

1. The omission of the libellants to carry upon their vessel the side-lights required by statute, will not necessarily prevent a recovery of damages for collision. It is a fault which, if it caused or contributed to the collision, will bar the damages, or cause them to be divided, as the case may require.

2. It is not safe to rely upon the opinion of experts as to the course which a vessel took, when the opinion is founded on a very nice calculation of time and of angles, and is opposed to the clear testimony of eye-witnesses.

3. Upon the facts, *held*, that the libellants' vessel, which was without lights, was solely in fault, unless the accident was inevitable, and in neither case could the libellants prevail.

The schooner Romp, loaded with iron, and bound on a voyage from Boston to Jonesport in Maine, was run into and sunk a few miles outside of Thacher's Island, Cape Ann, on the evening of March 16, 1866, by the schooner D. P.; and this libel was promoted by her owners for the damage. The night was very foggy, the wind about S. S. W.; the Romp was sailing on the starboard tack, with the wind free, heading about N. E. by E., and had no lights set. The D. P. was closehauled, on the port tack, heading about W. by S., with the red and green lights properly placed and burning brightly. The Romp had two men on the lookout, one of whom reported a light, and the master immediately came on deck and ordered his helm to be put hard down, at the same time hailing the D. P. to put her helm hard up. The only fact seriously disputed was, whether the respondents' vessel obeyed the order given from the Romp, or took the opposite course and luffed.

John Lathrop, for libellants.

1. The fact that the Romp did not have the lights required by the act of congress, does not prevent the libellants from recovering, as the absence of the lights did not cause the collision. The Panther, 24 Eng. Law & Eq. 585; Morrison v. General Steam Nav. Co., 8 Exch. 733.

2. If the absence of lights did contribute to the collision, the libellants are entitled to recover half damages, the D. P. being also in fault. Chamberlain v. Ward, 21 How. [62 U. S.] 548.

3. The vessels were meeting end on, or nearly end on, within the 11th article of the United States statute of 1864, c. 69 (13 Stat. 60), and it was the duty of both vessels to port their helms. The evidence shows that the Romp ported her helm, and that the D. P. luffed instead of porting.

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]